GULF, C. & S. F. RY. CO. v. DEAN. (No. 1098.)

(Court of Civil Appeals of Texas. Beaumont. April 24, 1924.)

1. Carriers ⬤103—Petition for delay held insufficient as to damages.

Petition, in shipper's action, for delay, not alleging market values at destination when delivery should have been made, and, when it was made, by some measure, as by the pound, but merely alleging that the market value of the shipment was less by a certain sum, when sold, than it would have been but for delay, was insufficient against special exception.

2. Carriers ⬤116—Evidence of damages for delay held insufficient.

Carrier is liable for delay of perishable produce, only for deterioration at time of delivery, and it was insufficient to show deterioration when produce was sold several days later.

3. Carriers ⬤96—Delivery after business hours Saturday in effect on Monday.

As respects liability for delay delivery of car of produce at consignee's warehouse after business hours on Saturday held in legal effect on the following Monday morning.

4. Evidence ⬤314(2), 471(19)—Testimony, on information from others, hearsay and conclusion.

Testimony, on information from others, that shipped produce when reaching destination was rotten and worthless was hearsay and conclusion.

Appeal from Jasper County Court; A. L. Hancock, Judge.

Action by Roy P. Dean against the Gulf, Colorado & Santa Fé Railway Company.

Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Jno. T. Beaty, of Jasper, and Terry, Cavin & Mills, of Galveston, for appellant.
Smith & Lanier, of Jasper, for appellee.

HIGHTOWER, C. J. This was a suit by the appellee, Roy P. Dean, as plaintiff, against appellant, Gulf, Colorado & Santa Fé Railway Company, as defendant, to recover $364.96 as damages alleged to have been sustained by plaintiff in consequence of defendant's negligence in failing to promptly carry and deliver a carload of sweet potatoes which plaintiff delivered to defendant at Jasper, Tex., to be carried and delivered by defendant as a common carrier of freight to the consignee at San Antonio, Tex.

The substance of plaintiff's allegations were that he delivered to defendant, at Jasper, on November 19, 1920, a carload of sweet potatoes to be carried by defendant to San Antonio, Tex., and there to be delivered by defendant to W. E. Smith, the consignee, upon the order of Finks Brokerage Company, for the account of plaintiff; that there were 26,000 pounds of potatoes in the shipment, and that the potatoes were in sound and marketable condition when delivered to defendant, and that they were intended for sale at San Antonio; that the defendant was guilty of negligence in not carrying the potatoes to San Antonio within a reasonable time, and was also guilty of negligence in failing to deliver them to the consignee within a reasonable time after they reached San Antonio; that in consequence of such negligence the potatoes became greatly damaged and deteriorated, and had to be sold at San Antonio for $364.90 less than they would have been worth and would have sold for on the market had they been promptly carried and delivered by defendant, and that therefore plaintiff was damaged in the sum of $364.96, for which he prayed judgment.

There was no allegation in the petition of the market value of potatoes per pound or by any other measure, but it was only alleged, in substance, that the market value of potatoes in San Antonio in the damaged condition in which they were finally sold was less by $364.96 than their market value would have been had they been promptly carried and delivered.

[1] The defendant answered by general demurrer, several special exceptions, and general denial. One of the special exceptions was directed against the failure of the petition to allege what the market value of the potatoes per pound or by some other measure would have been in San Antonio had the shipment and delivery not been negligently delayed, as alleged by plaintiff, and what their market value per pound or by some other measure was in their condition when delivered to the consignee. This special excep-

tion was urged, but was overruled by the trial court. It should have been sustained. The plaintiff's measure of damages was the difference in market value in San Antonio of the potatoes at the date they should have been delivered there to the consignee and, such value at the time they were in fact delivered. Plaintiff was required to make proof of such difference in value in order to have a recovery by him, and this he should not have been permitted to do, in the absence of an allegation of the market value of the potatoes by some measure obtaining at the dates inquired about and in their altered condition. The general allegation that the market value of the entire shipment was less by $364.96 when sold on the market at San Antonio than it would have been but for the defendant's negligence was not a sufficient statement of the facts necessary to be proved by the plaintiff, when attacked by special exception. This defect in the petition, however, may be cured upon another trial, and we shall not dwell further on the complaint made by appellant of the court's action in this connection.

The case was tried with a jury, whose verdict consisted of their answers to special issues, and upon the verdict judgment was rendered in favor of the plaintiff for $364.96, with interest thereon at the rate of 6 per cent. per annum, from which judgment, after its motion for new trial had been overruled, defendant prosecuted this appeal.

The evidence in the record shows that on November 19, 1920, the appellee delivered to appellant, at Jasper, Tex., 26,000 pounds of sweet potatoes to be carried by appellant to San Antonio, Tex., and there delivered to W. E. Smith, the consignee, upon the order of the Finks Brokerage Company for the account of appellee. The shipment did not reach San Antonio until about 7 a. m. on the morning of November 27th, and the car in which the potatoes were was not placed or delivered at the consignee's warehouse in San Antonio until after business hours on that same evening, which was Saturday, and the car containing the potatoes stood on the side track at the warehouse of the consignee until Monday morning following, which was November 29th, before the potatoes were inspected. On that morning, about 7 o'clock, R. E. Wilson, the manager of Finks Brokerage Company, in company with a representative of the consignee, Smith, opened the car containing the potatoes, and it was discovered that the potatoes had become very much heated and were soured and deteriorated, and for that reason the consignee, Smith, declined to accept the shipment. Thereupon the Finks Brokerage Company got in communication with appellee at Jasper, Tex., by wire, and requested him to release the shipment so that the potatoes might be sold on the open market at San Antonio as soon as possible. On the following day, November 30th, the ap-

pellee wired Finks Brokerage Company at San Antonio that he had released the shipment, and on the following day, December 1st, Finks Brokerage Company took charge of the potatoes, and two days later, December 3d, 10,500 pounds of the potatoes, after being assorted, were sold by the Finks Brokerage Company to W. E. Smith, the original consignee, at the price of $2.25 per hundredweight, and the remainder, 15,500 pounds, being materially damaged, was sold to various purchasers, the aggregate amount received for all the potatoes being $246.84. From this amount was deducted $113.82 for freight charges and $8 for demurrage, leaving a balance of $125.02, which was paid by the Finks Brokerage Company to the appellee.

[2, 3] It was shown upon the trial, without dispute, that the potatoes were in sound and marketable condition when delivered by appellee to appellant for shipment, but that they were not kiln dried, and that they were rapidly spoiling and deteriorating when the car was open at the consignee's warehouse on Monday morning, November 29th. There is no proof in the record showing to what extent the potatoes were damaged or had deteriorated when the car was opened on that morning, nor is there any proof in the record showing what additional damage or deterioration there was from the time the car was first inspected until the potatoes were finally sold, as before shown, and, because of such lack of proof, one of appellant's assignments of error challenges the verdict and judgment on the ground of insufficient evidence to sustain it. We think this assignment should be sustained. It is unquestionably true that appellant was guilty of negligent delay in carrying and delivering this shipment of potatoes, but it is also true that it is only liable in damages to appellee for such deterioration in the potatoes as had occurred up to the time it delivered the shipment to the consignee, and is not liable for any damages by reason of deterioration in the potatoes between the date of delivery and the date at which they were sold thereafter. We agree with the contention of counsel for appellee that the undisputed proof in this case shows that the placing and delivery of the car of potatoes at the warehouse of the consignee after business hours on November 27th ought not to be held a delivery to the consignee on that date, but that, in legal effect, the delivery to the consignee did not take place until Monday morning following, and that therefore the appellant should be held liable for all deterioration in the potatoes caused by its negligence in carrying and delivering them up to the morning of the 29th of November, when they were inspected by the consignee, and upon another trial the lower court should so hold. On account, however, of the total lack of evidence to show the extent of deterioration in the potatoes from the time they were delivered to the consignee to the time they were sold, several days later, we must sustain appellant's contention that the evidence was insufficient to warrant the verdict and judgment in favor of appellee, in view of the state of this record.

[4] There is another error assigned by appellant for reversal, which we must sustain. The record shows affirmatively that the appellee, Dean, never saw the potatoes at any time after he delivered them to appellant at Jasper on November 19th, and he was not in San Antonio at all at the time the potatoes were handled there. Upon the trial of the case his counsel, among other questions, asked him, in substance, to state the condition of the potatoes at the time they reached San Antonio, and he was permitted, over appellant's objection, to testify, in substance, that the potatoes were so damaged when they reached San Antonio that they were worthless and rotten. This testimony was objected to on the ground that it was hearsay, because it was clearly shown by the appellee's own testimony that he was basing his statement entirely upon declarations and statements made to him by others, and that he, himself, knew absolutely nothing about the condition of the potatoes at the time they reached San Antonio, or at the time they were delivered to the consignee, or at any other time after they left Jasper, and all of this is fully shown by the bill of exception in that connection, and the bill is approved by the trial court without qualification. Clearly it was error to permit the appellee to testify as he did in this connection, because his testimony was clearly hearsay and a conclusion on his part touching the most vital point in the case. It cannot be said, in view of the state of the record before us, that the admission of this objectionable testimony was not harmful to appellant, but, on the contrary, it appears to have been so.

There are other assignments urged by appellant for reversal, but in view of the fact that they relate to matters that probably will not occur upon another trial, it is unnecessary to discuss them.

For the errors indicated, the judgment must be reversed and the cause remanded.